IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER REDICK, | No. C 12-0337 WHA (PR) |
| Petitioner, | **ORDER DENYING MOTION TO STAY PETITION WITHOUT PREJUDICE** |
| v. | |
| MARTIN BITER, Warden, | |
| Respondent. | (Docket No. 2) |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254.  The petition sets forth five claims challenging the constitutionality of petitioner's conviction in state court.  He claims: (1) that the sentence he received constitutes cruel and unusual punishment; (2) theat he received ineffective assistance of trial counsel; (3) the prosecution withheld important evidence until the time of trial, preventing petitioner from preparing and presenting a meaningful defense, from effectively conducting plea negotiations and from having a sufficient basis for deciding whether or not to plead guilty; (4) that several witnesses testified falsely; and (5) the prosecution knowingly presented false testimony by its principal witnesses.

Along with his petition, petitioner has filed a motion for a stay of this case while he exhausts claims two through five, above, in the state courts.  To obtain a stay, petitioner must show that the claims he wishes to exhaust are potentially meritorious, and show cause for his failure to exhaust them prior to arriving in federal court.  *Rhines v. Webber* 544 U.S. 269, 278-79 (2005).  Petitioner's claims, when liberally construed, state a cognizable claim for relief.  As

United States District Court
For the Northern District of California

1  such, he has shown that they are "potentially meritorious" within the meaning of *Rhines*.
2  Petitioner has not, however, even attempted to explain why he did not raise his claims and
3  exhaust them prior to arriving in federal court. He states that the statute of limitations for filing
4  his federal petition has nearly run out. This does not, in and of itself, constitute good cause for
5  his unexplained failure to exhaust his claims earlier, before he nearly ran out of time.

6  Consequently, the motion for a stay is **DENIED** without prejudice to filing another such
7  motion within **30 days** that makes the showing required by *Rhines*.

8  If petitioner does not make the required showing for a stay within that time, petitioner
9  will not be allowed a stay, and this matter will proceed based solely upon the exhausted
10 claim(s) set forth in the petition while any unexhausted claims will be stricken. In lieu of either
11 seeking a stay or having his unexhausted claims stricken, petitioner may of course choose to
12 voluntarily dismiss the entire petition without prejudice to refiling it when all of the claims are
13 exhausted.

14 **IT IS SO ORDERED.**

15 Dated: January  31 , 2012.

16 WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

2

G:\PRO-SE\WHA\HC.12\REDICK0337.STY.wpd

3