IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLER REDICK,<br><br>    Petitioner,<br><br>  v.<br><br>MARTIN BITER, Warden,<br><br>    Respondent.<br>_____/ | No. C 12-0337 WHA (PR)<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE** |

    Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254. The petition sets forth five claims challenging the constitutionality of petitioner's conviction in state court: (1) that the sentence he received constitutes cruel and unusual punishment; (2) theat he received ineffective assistance of trial counsel; (3) the prosecution withheld important evidence until the time of trial, preventing petitioner from preparing and presenting a meaningful defense, from effectively conducting plea negotiations and from having a sufficient basis for deciding whether or not to plead guilty; (4) that several witnesses testified falsely; and (5) the prosecution knowingly presented false testimony by its principal witnesses.

    Along with his petition, petitioner filed a motion for a stay of this case while he exhausts claims two through five in the state courts. The motion was denied because, although the claims that petitioner wishes to exhaust are potentially meritorious, he had not shown cause for his failure to exhaust them prior to arriving in federal court. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005). Petitioner was given an opportunity to make the requisite showing of

cause. He has responded by showing good cause for his failure to exhaust his claims earlier, namely his limited access to the law library, to witnesses, and to legal assistance due to his incarceration. The motion for a stay is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims. Such notice must identify the claims that have been exhausted and the claims that he wishes to pursue.

If either condition of the stay is not satisfied, this court may vacate the stay and act on only the single exhausted claim in this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: April   5  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\REDICK0337.STYGRANT.wpd

2