IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TYLER REDICK,

    Petitioner,

  v.

MARTIN BITER, Warden,

    Respondent.

No. C 12-0337 WHA (PR)

**ORDER TO SHOW CAUSE; REOPENING FILE**

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. His motion to stay the petition while he exhausted certain claims was granted. He has filed an amended petition and a notice that he has completed the process of exhausting his claims in the California Supreme Court. Respondent is ordered to show cause why the petition should not be granted based on the five cognizable claims in the amended petition.

## STATEMENT

In 2009, petitioner was convicted in San Mateo County Superior Court after a jury found him guilty of robbery and attempted carjacking, and enhancements for firearms were found true. He was sentenced to a term of 18 years and two months in state prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review. The California Supreme Court also denied a petition for a writ of habeas corpus.

**ANALYSIS**

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B. LEGAL CLAIMS**

Petitioner claims: (1) that the sentence he received constitutes cruel and unusual punishment; (2) that he received ineffective assistance of trial counsel; (3) that the prosecution withheld important evidence until the time of trial, preventing petitioner from preparing and presenting a meaningful defense, from effectively conducting plea negotiations and from having a sufficient basis for deciding whether or not to plead guilty; (4) that several witnesses testified falsely; and (5) that the prosecution knowingly presented false testimony by its principal witnesses. When liberally construed, these claims are cognizable, and an order to show cause will issue.

**CONCLUSION**

In light of the foregoing,

1. The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State

of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **84 days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **28 days** of the date the answer is filed.

3. Respondent may file, within **84 days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **28 days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **14 days** of the date any opposition is filed.

The clerk shall administratively reopen the file.

**IT IS SO ORDERED.**

Dated: January  9 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\REDICK0337.OSC.wpd

3